UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Alberto De La Torre

    v.                                    Civil No. 11-cv-584-JD

Federal Bureau of
Investigations

**REPORT AND RECOMMENDATION**

Before the court for preliminary review is a complaint (doc. no. 1) filed by pro se plaintiff Alberto De La Torre ("De La Torre"). See 28 U.S.C. § 1915(e); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B). As explained below, the court determines that the complaint fails to state a plausible legal claim and recommends that it be dismissed.

**Discussion**

I.   Standard of Review

Pursuant to LR 4.3(d)(1)(B), the magistrate judge reviews the initial filings of all pro se, in forma pauperis plaintiffs, to determine whether to direct that the complaint be served, whether to grant plaintiff leave to amend the complaint, or whether to recommend dismissal of claims for reasons set forth

in 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(1).  See LR 4.3(d)(1)(B).  In conducting that preliminary review, the court construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine whether a complaint states a claim upon which relief may be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  That review requires the court to accept as true all non-conclusory factual allegations and all reasonable inferences drawn therefrom, even if "seemingly incredible," Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), and then to determine whether those allegations "state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-80 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)); see also Ocasio-Hernández, 640 F.3d at 12 (explaining how complaint must provide fair notice to defendant and state a facially

plausible claim). Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," without considering the likelihood of success on the merits. Iqbal, 556 U.S. at 679; see also Ocasio-Hernández, 640 F.3d at 12-13 (explaining limits of court's discretionary review).

II. Background

De La Torre brings this civil-rights action against the Federal Bureau of Investigations ("FBI"), claiming that he has been "intimidated, arrested and persecuted for the past sixteen years." He believes he is being chased because FBI agents think he is "Number One" on their list of gang members. De La Torre states, however, that he has never been a criminal or a member of any gang, and lives in a New York City shelter where he does not bother anyone.

De La Torre alleges also that he was a "prisoner without justice" for sixteen years, and he is now in bad health as a result of his imprisonment. He contends that he was falsely arrested and detained, without a trial or any visitors for thirty months. He also claims that he was arrested in New Hampshire but was denied a trial, which may or may not refer to the same alleged false imprisonment. De La Torre claims to have

prevailed in a lawsuit against the State of New Hampshire, and another against the federal government, when he "got his freedom back." De La Torre now asserts that he has endured "bashing and humiliation" because of his legal success.

In his complaint, De La Torre lists nine docket numbers, which he proffers as evidence of the legal action he has taken in response to the mistreatment he alleges. De La Torre has neglected, however, to include the courts in which these actions were pursued, or the dates or disposition of those lawsuits.

III. Analysis

De La Torre's complaint consists principally of delusional factual allegations and incomprehensible claims. The alleged chase by the FBI is unsupported by any factual details related to when, where, or how this claimed "persecution" and "intimidation" occurred. De La Torre's belief that he is "Number One" on the FBI's list of gang members is the type of fanciful belief that is properly dismissed as frivolous. See, e.g., Goudreau v. Washington, No. 06-cv-403-SM, 2007 WL 656311, at *2 (D.N.H. Feb. 26, 2007) (finding claimed assault and military demotion frivolous); Credico v. CEO, Idaho Nat'l Lab., No. 11-3890, 2012 WL 362026, at *1 (3d Cir. Feb. 6, 2012) (per curiam) (imaginary computer virus and nuclear threats dismissed

4

as frivolous). De La Torre's claim for "bad health," caused by his unjustified incarceration, also fails to state a claim because there is no constitutional right to good health either for inmates or for private citizens. See Neitzke v. Williams, 490 U.S. 319, 324, 327 (1989) (claims of infringement of non-existent legal interests are frivolous), superseded on other grounds by, 28 U.S.C. § 1915(e); see also Calderon-Ortiz v. LaBoy-Alvarado, 300 F.3d 60, 63-4 (1st Cir. 2002) (explaining deliberate-indifference standard for an Eighth Amendment claim).

De La Torre's claims of being a prisoner without justice for sixteen years and being "bashed and humiliated" because of his successful lawsuits, even generously construed, constitute, as most, conclusory claims for false imprisonment and retaliation. The complaint is devoid of any information related to either his state or federal detention, or any factual support for his claimed legal victories. The minimal allegations De La Torre does assert are unintelligible and nonspecific and, therefore, fail to state a claim. Cf. Murph v. Stumbo, No. Civ.A. 3:05cv509-H, 2005 WL 2245466, at *2 (W.D. Ky. Sept. 14, 2005) (finding myriad of disjointed, bald allegations frivolous); see also Ocasio-Hernández, 640 F.3d at 12 (skeletal

allegations that parrot a cause of action disentitle claims to the presumption of truth).

Finally, the complaint provides nothing to connect De La Torre's alleged false imprisonment or retaliation to the FBI, the only named defendant.  De La Torre also neglects to state any facts that could be construed as suggesting there may have been some other, currently unnamed, defendant, that was involved with his unjustified detentions.  See Fed. R. Civ. P. 10 (requiring parties to suit be named in complaint); cf. Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 390 n.2 (1971) (allowing claims to proceed and defendants to be identified later); Smith-Bey, 841 F.2d at 759 (factual allegations must describe unknown individuals sufficiently so they may subsequently be identified).

## Conclusion

For the reasons set forth above, the court recommends that this action be dismissed.  See 28 U.S.C. § 1915(e)(2)(B); LR 4.3(d)(B)(i).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d

52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

May 17, 2012

cc: Alberto De La Torre, pro se

LBM: jkc